# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| COMPASS BANK, an Alabama banking corporation, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | CV 10-J-2992-S |
| YAACOV JACK LIMON, an individual, MILTON LOVE, an individual, and MICHELLE HARRIS, an individual, ) ) ) ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

### Procedural Background

Pending before this court is plaintiff's, Compass Bank, motion for summary judgment (doc. 30); defendants', Yaacov Limon ("Limon"), Milton Love ("Love"), and Michelle Harris ("Harris") opposition in response (doc. 35); and plaintiff's reply (doc. 38).

### Factual Background

LYM, LLC executed and delivered to Compass a certain promissory note

dated February 20, 2008 (the "Note") whereby LYM, LLC promised to pay to Compass the original principal amount of $3,500,000.00 plus interest thereon. Compl., Ex. A (doc. 1).

The Note is secured by a mortgage dated February 20, 2008, that was executed by LYM in favor of Compass (the "Mortgage").  LYM granted Compass a first priority mortgage on certain real property located in Madison County, Alabama (the "Property").  The Mortgage was recorded in the Office of the Judge of Probate of Madison County, Alabama on February 22, 2008, in Instrument Number 20080222000115370.  (doc. 30, Ex. 2); *see also*, Garcia Aff., ¶ 3 (doc. 30, Ex. A).[1]

In order to secure the obligations of LYM, LLC to Compass under the Note, the defendants executed and delivered to Compass a guaranty agreement dated February 20, 2008 (the "Guaranty"), unconditionally guaranteeing, without limitation, payment of all indebtedness owed by LYM, LLC to Compass, whether existing at the time of execution or arising thereafter.  Pursuant to the terms of the Guaranty, Compass is not required to seek payment from any other source before demanding payment from the defendants.  (doc. 30, Ex. 3); *see also*, Garcia Aff., ¶

---

[1] Linda Garcia is the Senior Vice President in the Special Assets Group of Compass Bank.

4 (doc. 30, Ex. A).

The Note, the Mortgage and the Guaranties are governed by the laws of the State of Alabama and were accepted by Compass in the State of Alabama.  Each of the defendants acknowledged in the Guaranties that (i) any cause of action arising under any of the Guaranties will be a cause of action arising from an Alabama transaction, (ii) the indebtedness owed under the Guaranties is to a banking organization organized under Alabama law, (iii) it is foreseeable that the Guaranties have and will have significant effects in the State of Alabama, and that (iv) the Defendants' execution of the Guaranties will subject the Defendants to judicial jurisdiction in the State of Alabama.  Garcia Aff., ¶ 5 (doc. 30, Ex. A)

Pursuant to the terms of the Guaranties, the defendants agreed to pay "attorneys' fees and all other costs and expenses" incurred by Compass in its enforcement of the Guaranties.  Garcia Aff., ¶ 6 (doc. 30, Ex. A).

The Note matured on February 17, 2010, pursuant to its terms, and is in default for failure to make payment when due.  No payment has been made on the Note since its February 17, 2010, maturity date.  Garcia Aff., ¶ 8 (doc. 30, Ex. A).

In a letter to the defendants dated March 9, 2010 (the "Demand Letter"), Compass (1) gave notice to defendants that the Note had matured and (2) made demand for payment.  (doc 30, Ex. 4); *see also*, Garcia Aff., ¶ 9 (doc. 30, Ex. A).

On March 30, 2010, Compass sent defendants a letter (the "Discussion Letter") stating that Compass was "willing to discuss potential payment alternatives" in exchange for a signed copy of the letter.  In Paragraph 5 of the Discussion Letter, defendants acknowledged and agreed to all amounts due and owing under the Note and the Guaranty, and waived "any and all defenses to the [i]ndebtedness owed pursuant to, without limitation, the Note and the Guaranties." Paragraph 6 of the Discussion Letter states:

> The undersigned parties, and their successors, executors, heirs, administrators, and assigns, hereby release, acquit, and forever discharge Compass, its employees, directors, officers, agents, attorneys, predecessors, successors and assigns, of and from any and all claims, counterclaims, suits, causes of action, damages, demands, costs, expenses, and compensation of every kind and nature, past, present, and future, known or unknown, that the undersigned parties now have or may have at any time hereafter on account of or arising from the Loan Documents or any related documents, all transactions and dealings among Compass and the undersigned parties, and any other matter or thing that has occurred before the signing of this Agreement, known or unknown.

(doc. 30, Ex. 5); *see also*, Garcia Aff., ¶ 11-13 (doc. 30, Ex. A).

After negotiating for several months with LYM and the defendants, Compass offered to extend the Note.  Loan documents for the proposed extension of the Note were mailed to LYM in a letter dated June 23, 2010.  (doc. 30, Ex. 6). Executed loan documents were never returned to Compass and no payments were

made. As a result, Compass sent a second demand letter to defendants on August 4, 2010 (the "Second Demand Letter"). (doc. 30, Ex. 7); *see also*, Garcia Aff., ¶ 14 (doc. 30, Ex. A).

Subsequent to the Second Demand Letter, Compass instituted foreclosure of the real estate mortgage securing the Note. A notice of mortgage foreclosure sale was published in *The Madison County Record*, a newspaper of general circulation published in Madison County, Alabama, in its issues of August 20, 2010, August 27, 2010 and September 3, 2010. The mortgage foreclosure sale was set to occur on September 17, 2010. Compass sent a copy of the notice of mortgage foreclosure sale to LYM and the defendants in a letter dated August 12, 2010. (doc. 30, Ex. 8); *see also*, Garcia Aff., ¶ 16-17 (doc. 30, Ex. A).

Compass has demanded payment from the defendants pursuant to the Guaranty, but defendants have failed and/or refused to satisfy their obligations to Compass. Compass brought this suit against defendants to satisfy the Note.

On September 14, 2010, LYM filed a chapter 11 voluntary petition in the United States Bankruptcy Court for the Central District of California ("California Bankruptcy Court"), Case No. 10-39681-CB, pursuant to 11 U.S.C. § 101 *et seq*. The bankruptcy case was filed by Kenneth D. Sisco, Esq., as counsel for LYM. On October 26, 2010, the California Bankruptcy Court entered an order granting a

motion filed by Compass to transfer venue to the United States Bankruptcy Court for the Northern District of Alabama, Northern Division (Case No. 11-80335-JAC).  Garcia Aff., ¶ 18-19 (doc. 30, Ex. A).

As of November 3, 2010, plaintiff contends the amount owed pursuant to the Note was $3,498,213.82 plus accruing interest and costs of collection, including, without limitation, attorneys' fees.  Garcia Aff., ¶ 20 (doc. 30, Ex. A).

On May 6, 2011, Compass foreclosed the Mortgage (the "Foreclosure").  As a result of the Foreclosure, Compass took title to the Property for its credit bid of $1,901,640.00 (the "Credit Bid"), as evidenced by that certain mortgage foreclosure deed dated May 6, 2011, recorded in the Office of the Judge of Probate of Madison County, Alabama, in Instrument Number 20110506000235820 (the "Foreclosure Deed").  (doc. 30, Ex. 9).  The amount owed under the Note was credited by the amount of the Credit Bid.

According to plaintiff, as of May 11, 2011, the amount due under the Note was $1,828,901.08, plus additional accrued and accruing costs of collection, including, but not limited to, attorneys' fees and costs of court which, together with interest, continue to accrue.  Garcia Aff., ¶ 23 (doc. 30, Ex. A).

## Summary Judgment Standard

A moving party is entitled to summary judgment if there is no genuine issue of material fact, leaving final judgment to be decided as a matter of law. *See* Fed. R. Civ. P. 56; *Matshushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1355-56 (1986). The facts, and any reasonable inference therefrom, are to be viewed in the light most favorable to the non-moving party, with any doubt resolved in the non-movant's favor. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158, 90 S.Ct. 1598, 1609 (1970).

A party opposing a properly submitted motion for summary judgment may not rest upon mere allegations or denials of his pleadings, but must set forth specific facts showing that there is a genuine issue for trial. *Eberhardt v. Waters*, 901 F.2d 1578, 1580 (11th Cir. 1990). The non-moving party's evidence on rebuttal must be significantly probative and not based on mere assertion or merely be colorable. *See* Fed. R. Civ. P. 56(e); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249050, 106 S.Ct. 2505, 2511 (1986). Speculation does not create a genuine issue of fact. *Cordoba v. Dillard's, Inc.*, 419 F.3d 1169, 1181 (11th Cir. 2005).

## Legal Analysis

*I. Breach of Guaranties.*

The elements of a breach of guaranty contract claim are: (1) the existence of a valid guaranty contract binding upon the parties; (2) the plaintiff's own performance; (3) the defendant's nonperformance or breach; and (4) damages to the plaintiff. *Armstrong Bus. Servs., Inc. v. AmSouth Bank*, 817 So. 2d 665, 673 (Ala. 1998) (citing *Employees' Benefit Ass'n v. Grissett*, 732 So. 2d 968, 975 (Ala. 1998)).

It is undisputed that the defendants executed the Guaranties, unconditionally guaranteeing payment to plaintiff of all amounts owing to it by LYM. It is undisputed that the defendants breached the Guaranties by failing to pay the indebtedness owed by LYM to plaintiff. Plaintiff contends that, as of May 11, 2011, it has suffered damages in the amount of $1,828,901.08, plus additional accrued and accruing costs of collection, including, but not limited to, attorneys' fees and costs of court. Plaintiff continues to suffer damages as interest and costs of collection, including, without limitation, attorneys' fees, continue to accrue.

There is no genuine issue of material fact, and thus, plaintiff is entitled to judgment as a matter of law.

*II. Account Stated*.

An account stated is an agreement between parties who have had previous monetary transactions. *Karrh v. Crawford-Sturgeon Ins., Inc.*, 468 So.2d 175, 176 (citing *Walker v. Trotter Bros.*, 68 So.2d 345 (Ala. 1915)). A prima face case is established when the plaintiff proves three elements: "(1) a statement of the account between the parties is balanced and rendered to the debtor; (2) there is a meeting of the minds as to the correctness of the statement; and (3) the debtor admits liability." *Univ. of South Alabama v. Bracy*, 466 So.2d 148, 150 (Ala. Civ. App. 1985)(*citing Ingalls v. Ingalls Iron Works Co.*, 258 F.2d 750 (5th Cir. 1958)). An account stated claim is founded not on the original liability between parties, "but rather on the defendant's admission (which can be express or implied) that a definite sum is due." *Karrh*, 468 So.2d at 176.

The defendants do not dispute that they signed the Guaranties, breached the Guaranties, and later signed the Discussion Letter. The Discussion Letter laid out the exact amount owed by defendants – a statement of account between the parties. By signing the Discussion Letter, defendants came to a meeting of the minds as to the amount owed, and further, admitted to its liability. Plaintiff has met its burden of showing an account stated exists. Thus, there is no genuine issue of material fact and plaintiff is entitled to judgment as a matter of law.

## Conclusion

Having considered all of the foregoing, the court is of the opinion that plaintiff's motion for summary judgment (doc. 30) regarding liability is due to be and hereby is **GRANTED**, which the court shall do by separate order.

As the defendants do dispute the amount of damages claimed by plaintiff, an evidentiary hearing regarding damages, including principal, interest, and additional accrued and accruing costs of collection (including, but not limited to, attorneys' fees and costs of court) shall be set for the 7th of June 2011 at 1:30 P.M.

**DONE** and **ORDERED** this the 3rd day of June 2011.

_____
INGE PRYTZ JOHNSON
U.S. DISTRICT JUDGE